IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

DEMETRIUS RE'NEE KELLUM §
§
    Relator §
§
v. § Case No. 6:18cv470-JDK-JDL
§
THE STATE OF TEXAS §
§
    Respondent §

ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Relator Demetrius Kellum, an inmate proceeding *pro se*, filed the above-styled and -numbered petition for a writ of mandamus against the State of Texas asking that this Court order his state criminal indictment dismissed and a directed verdict of acquittal entered. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. The Magistrate Judge issued a Report recommending that the petition for the writ of mandamus be dismissed because the federal courts lack jurisdiction to issue writs of mandamus against the State of Texas or the Texas state courts.

Relator filed objections arguing that the prosecution had a constitutional duty to reveal exculpatory evidence, there is a free-standing right to DNA evidence, and the federal court has jurisdiction to compel the state court to exercise its authority when a defendant has been unconstitutionally deprived of liberty. The Court notes that Relator raised this same argument concerning DNA evidence in his federal habeas corpus petition, which was dismissed on November 19, 2019, and is currently on appeal. *See Kellum v. Director, TDCJ-CID*, civil action no. 6:17cv695 (E.D. Tex., Nov. 19, 2019, Appeal No. 19-41029). Relator does not address the Magistrate Judge's determination that the federal district courts lack jurisdiction to issue writs of mandamus against the State of Texas or the Texas state courts. *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973); *Cross v. Thaler*, 356 F.App'x 724 (5th Cir. 2009) (federal court lacks power to issue writs of mandamus to direct state courts and their

judicial officers in the performance of their duties, *citing Moye*).

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 14) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE** as to the seeking of mandamus relief in federal court, but without prejudice as to any other lawful remedies that may be available to the Relator, including any habeas corpus remedies. It is further

**ORDERED** that a certificate of appealability is **DENIED** insofar as such a certificate may be required. Finally, it is

**ORDERED** that any and all motions that may be pending in this civil action are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **3rd** day of **June, 2020.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE